1  MARCUS T. HALL (SBN 206495)
   WILLIAM SLOAN COATS, III (SBN 94864)
2  DEAN A. MOREHOUS (SBN 111841)
   CRAIG C. CROCKETT (SBN 265161)
3  NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
   555 Mission Street, Thirty-Fourth Floor
4  San Francisco, CA  94105
   Telephone:  (415) 814-6161
5  Facsimile:   (415) 814-6165
   marcus.hall@novakdruce.com
6  william.coats@novakdruce.com
   dean.morehous@novakdruce.com
7  craig.crockett@novakdruce.com

8  Attorneys for Plaintiff
   Kenu, Inc.

9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12  KENU, INC.,                          Case No.

13              Plaintiff,               **COMPLAINT FOR PATENT
                                         INFRINGEMENT, TRADE DRESS
14          v.                           INFRINGEMENT, UNFAIR
                                         COMPETITION (CAL. BUS. & PROF.
15  BELKIN INTERNATIONAL, INC., and      CODE § 17200), AND COMMON LAW
    OES 1 through 10, inclusive,         UNFAIR COMPETITION**
16
17              Defendants.              **DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Kenu, Inc. ("Kenu"), for its Complaint alleges as follows:

1.    Kenu is a San Francisco company that specializes in combining technology, art and design in creating mobile phone products and accessories.  One such product is a portable hands free in-car mount for mobile or smartphone devices that attaches to any car air vent (hereafter "AIRFRAME$^{TM}$").   Kenu's AIRFRAME$^{TM}$ met immediate success for its elegant design and superior functionality over traditional car mounts that are often bulky or rely on adhesives, which detach over time.  Seeking to capitalize on Kenu's success, competitors have recently begun copying Kenu's innovative design and distinctive AIRFRAME$^{TM}$ trade dress to "free ride" on the efforts of Kenu.  This action seeks to remedy the unauthorized sale of one such knock-off product sold as the "Vent Mount."

## THE PARTIES

2.    Kenu is a corporation organized and existing under the laws of Delaware and having a place of business at 560 Alabama Street, San Francisco, California 94110.

3.    Defendant Belkin International, Inc. ("Belkin") is a corporation organized under the laws of Delaware and having a place of business at 12045 East Waterfront Drive, Playa Vista, California 90094, with business activities throughout the world and on the World Wide Web including at www.belkin.com.

4.    Kenu does not know the true names and capacities of DOES 1 through 10, inclusive, and therefore sues them by these fictitious names. When the true names and capacities are discovered for these DOE defendants, Kenu will seek to amend this Complaint to allege the true names and capacities in lieu of the fictitious names.  Kenu is informed and believes that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this Complaint.

5.    On information and belief, defendants are, and at all times mentioned herein were, the alter egos, parents, subsidiaries, agents, partners, associates, joint-venturers, servants, employees, and/or other authorized representatives of each other, and in doing the things herein alleged were acting within the course and scope of their authority, agency, and employment, and with the knowledge, consent, and approval of their fellow defendants.

1

**JURISDICTION**

2        6.      This is a civil action seeking damages and injunctive relief for patent infringement,

3   trade dress infringement, unfair competition under California Business and Professions Code

4   § 17200 et seq., and common law unfair competition.

5        7.      Pursuant to 28 U.S.C. § 1331, this Court has federal subject matter jurisdiction over

6   Kenu's claims for patent and trade dress infringement.   Further, this Court has subject matter

7   jurisdiction pursuant to the following statutes: 28 U.S.C. § 1338(a) (Acts of Congress relating to

8   patents); 15 U.S.C. § 1121 et seq. (the Lanham Act); and 28 U.S.C. § 1367 (a) (supplemental

9   jurisdiction over state and common-law claims).

10       8.      The Northern District of California has personal jurisdiction over Belkin because,

11  among other things, Belkin maintains its corporate headquarters in California, Belkin is engaged in

12  wrongful conduct within the state of California and in this District, including placing into commerce

13  infringing goods via Belkin's websites including at www.belkin.com and through retailers, and

14  infringing upon Kenu's patent and trade dress rights in this judicial district.   Belkin has maintained

15  substantial, continuous, and systematic contacts with the state of California through its business

16  dealings and activities within and with residents of the state of California.   Belkin's conduct causes

17  injury to and is directed at Kenu and its intellectual property in the state of California and this

18  District.   But for Belkin's conduct, Kenu would not have suffered damage.

19

**VENUE AND INTRADISTRICT ASSIGNMENT**

20       9.      Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because Belkin

21  transacts business within this District and offers for sale in this District products that infringe Kenu's

22  intellectual property rights.   Pursuant to Local Rule 3-2(c), intellectual property actions are assigned

23  on a district-wide basis.

24

**FACTS APPLICABLE TO ALL CLAIMS**

25       10.     Kenu is a successful mobile phone accessory business that designs, develops, and

26  distributes artistic and functional mobile phone accessories that are one of a kind in today's

27  marketplace.   One such product by Kenu is the AIRFRAME$^{TM}$, a portable hands free in-car mount

28  for mobile devices.

11.     Representative images of Kenu's AIRFRAME<sup>TM</sup> are provided below:



12.     The AIRFRAME<sup>TM</sup> was released in 2013 and has already received acclaim for the utility and elegant design.  The AIRFRAME<sup>TM</sup> is sold through numerous merchandisers, retailers, and stores nationwide, including Apple Stores, Target, T-Mobile, Sprint, and Staples, to name just a few.  Kenu also markets and sells its AIRFRAME<sup>TM</sup> product on the Internet, including through its website located at www.kenu.com.

13.     In addition to its common law rights, Kenu sought protection for its intellectual property rights associated with the AIRFRAME<sup>TM</sup> product by filing for a patent.

14.     On October 1, 2013, the United States Patent and Trademark Office issued United States Patent No. US D690,707 (the "'707 patent"), entitled "Dashboard Vent Mount for an Electronic Device," for a portable hands free in-car mount for mobile devices.  *See attached Exhibit A.*

15.     Representative Figures from Kenu's patent are referenced below:



16.     On December 11, 2012, the inventors of the '707 patent, Kenneth Minn and David E. Yao, assigned all of their patent rights in the '707 patent to Kenu, which has continuously held the rights to the '707 patent since that date.

17.     The trade dress associated with Kenu's AIRFRAME<sup>TM</sup> product is distinctive, non-functional, and is owned by Kenu.

18.     The trade dress associated with Kenu's AIRFRAME<sup>TM</sup> product signifies the source of the AIRFRAME<sup>TM</sup> product to its customers.

19.     As a result of considerable efforts, Kenu's customers, and the general public, have come to recognize Kenu as an established and successful mobile phone accessory business.

20.     Kenu's AIRFRAME™ product is one of a kind.

21.     Kenu's AIRFRAME™ product is manufactured with high quality materials designed to maximize product durability and customer satisfaction.

22.     Kenu's designs are its own intellectual property.  No goods of this design existed prior to Kenu's designs and patent.

23.     AIRFRAME™ is Kenu's most sought after and sold product.

24.     Kenu makes substantial revenue from the AIRFRAME™ product.

25.     In or about late 2014, Belkin introduced its Vent Mount product, which competes with Kenu's AIRFRAME™ in the market for portable hands free in-car mounts for mobile or smartphone devices.

26.     On information and belief, Belkin manufactures and/or imports, or causes to be manufactured and/or imported the Vent Mount product into the United States and the Northern District of California.

27.     On information and belief, Belkin owns, controls, and/or manages the website at www.belkin.com.

28.     Belkin exposes for sale, offers to sell, and sells the infringing Vent Mount, including to residents in the Northern District of California, through the website www.belkin.com, and through third parties including at the following URLs:

    a.     http://amzn.com/B00O5JARCI;

    b.     http://store.apple.com/us/product/HH0J2ZM/;

    c.     http://www.bhphotovideo.com/c/product/1107008-REG; and

    d.     http://www.frys.com/product/8331667.

29.     On information and belief, Belkin markets and advertises the Vent Mount product throughout the United States and in the Northern District of California using advertisements such as the following:

///

a.    http://www.belkin.com/uk/p/P-F8M879/; and

b.    https://www.youtube.com/watch?v=t4_FbJb-QX4.

30.    Kenu purchased the Vent Mount, representative pictures of which are provided below:



31.    The Vent Mount available from Belkin violates Kenu's patent and trade dress rights.

32.    Kenu's '707 patent covers the Vent Mount manufactured, imported, exposed for sale, offered for sale, and sold by Belkin.

33.    The Vent Mount violates Kenu's trade dress rights in its AIRFRAME$^{TM}$ product by causing confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Kenu's AIRFRAME$^{TM}$ product.

34.    Representative side-by-side comparisons of the AIRFRAME$^{TM}$ and Vent Mount are provided below:









35.     Belkin's willful and deliberate actions have caused significant harm to Kenu.  Kenu has lost customers and revenue due to the illegal and infringing product being put in to the stream of commerce by Belkin.

**FIRST CLAIM FOR RELIEF**
**PATENT INFRINGEMENT**
**35 U.S.C. § 271(a)**

36.     Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

37.     Belkin has infringed upon the rights of Kenu's '707 patent by making, exposing for sale, offering to sell, selling, and importing the Vent Mount in the United States.

38.     Belkin will continue to infringe the '707 patent unless enjoined by this Court.

39.     Belkin's acts are willful, in disregard of, and with indifference to, the rights of Kenu.

40.     As a direct and proximate cause of the infringement by Belkin, Kenu is entitled to damages, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285.  Additionally, Belkin is liable to Kenu to the extent of its total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

**SECOND CLAIM FOR RELIEF**
**TRADE DRESS INFRINGEMENT**
**15 U.S.C. § 1125(a)(1)**

41.     Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

42.     Belkin has engaged in infringement of Kenu's trade dress rights in its AIRFRAME$^{TM}$ product by placing into commerce the Vent Mount.

43.     Belkin has offered and sold the Vent Mount, despite knowledge that the Vent Mount being offered and sold is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Kenu's AIRFRAME$^{TM}$ product.

44.     Belkin's acts are willful, in disregard of, and with indifference to the rights of Kenu.

45.     As a direct and proximate cause of the infringement by Belkin, Kenu is entitled to damages, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
**UNFAIR COMPETITION**
**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

46. Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

47. The above described acts and omissions, including, but not limited to, Belkin's continued infringement of Kenu's design patent, and its infringement of Kenu's trade dress rights, constitute Unfair Competition under Section 17200 et. seq. of the California Business & Professions Code.

48. By reason of these wrongful acts and omissions by Belkin, Kenu has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Belkin have caused, and unless restrained and enjoined by this Court will continue to cause, serious irreparable injury and damage to Kenu.

### FOURTH CLAIM FOR RELIEF
**UNFAIR COMPETITION**
**COMMON LAW**

49. Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

50. The above described acts and omissions, including, but not limited to, Belkin's continued infringement of Kenu's design patent, and their infringement of Kenu's trade dress rights, constitute Unfair Competition at Common Law.

51. By reason of these wrongful acts and omissions by Belkin, Kenu has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Belkin have caused, and unless restrained and enjoined by this Court will continue to cause serious irreparable injury and damage to Kenu.

### PRAYER FOR RELIEF

Wherefore, Kenu prays for judgment as follows:

1. Injunctive relief;

2. Reasonable royalties in an amounts to be proven at trial;

3. Lost profits in an amount to be proved at trial;

4.      Belkin's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

5.      Enhanced damages;

6.      Kenu's attorney's fees and costs as provided by law; and

7.      Such other relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Kenu respectfully demands a jury trial of all issues triable to a jury in this action.


Dated: March 27, 2015                    NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP


By:    /s/ Marcus T. Hall
       Marcus T. Hall
       William Sloan Coats, III
       Dean A. Morehous
       Craig C. Crockett

       Attorneys for Plaintiff
       Kenu, Inc.