UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENU, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>　　　　Defendant. | Case No. 15-cv-01429-JD<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 39 |

　　　　In this patent case, defendant Belkin International, Inc. has filed a motion for leave to amend its invalidity contentions. Dkt. No. 39. The Court finds this motion to be suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and denies it.

　　　　The sole basis of Belkin's motion is that its counsel "inadvertently failed to include Belkin's Window Mount product as part of its invalidity contentions that were served on October 5, 2015." Dkt. No. 39 at 1. It seeks permission to make that late addition now.

　　　　Under the rules, invalidity contentions may be amended "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Diligence is a precondition to demonstrating good cause, and even if diligence is shown, the moving party must also demonstrate that the other party will not be prejudiced by the amendment. *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, Case No. 14-cv-2864-JD, Dkt. No. 115 (N.D. Cal. March 10, 2016).

　　　　Belkin has forthrightly acknowledged that mistakes or omissions alone generally do not "rise to the level of good cause." Dkt. No. 39 at 3. Belkin nevertheless urges the Court to excuse its neglect, but the other cases Belkin points to for support are distinguishable. For example, in *Yodlee, Inc. v. CashEdge, Inc.*, Case No. C 05-01550 SI, 2007 WL 1454259, at *1 (N.D. Cal. May 17, 2007), the proposed late change at issue was the addition of "significant new prior art" -- a

third-party website -- that had been discovered by CashEdge's new counsel. That alone is different from the circumstance here, where the omitted prior art was Belkin's own product. Moreover, in *Yodlee*, the Court specifically noted the greater difficulties in identifying prior art in cases that involve "internet-based technology" as opposed to other cases "dealing with more traditional technology." *Id.*, at *2. This case involves a piece of hardware that allows users to mount their cell phones to their cars, and falls firmly in the latter category, making *Yodlee* even less applicable.

Belkin's motion fails to establish diligence or good cause. To allow the requested amendment here would be to gut our patent local rules, which were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Information Storage Devices Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal., Nov. 5, 1998).

The Court denies the requested leave to amend. This order terminates docket number 39, and the hearing that was set for November 17, 2016, at 10 a.m. is vacated.

**IT IS SO ORDERED.**

Dated: November 16, 2016

JAMES DONATO
United States District Judge