UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENU, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 15-cv-01429-JD<br><br>**ORDER RE DEFENDANT BELKIN'S MOTION IN LIMINE NO. 5**<br><br>Re: Dkt. No. 126 |

Defendant Belkin International, Inc. has filed a motion in limine asking the Court to preclude plaintiff Kenu, Inc. from arguing to the jury that Belkin's Vent Mount 2 product infringes Kenu's U.S. Patent No. 9,718,412 (the '412 patent), which issued from a continuation of the patents-in-suit. Dkt. No. 126. Neither the Vent Mount 2 product nor the '412 patent are squarely at issue in this case. This case, and the jury trial, center on whether or not Belkin's Vent Mount 1 product infringes Kenu's U.S. Design Patent No. D690,707. The motion is DENIED.

Because Kenu intends to pursue lost profits as one measure of damages in this case, Belkin is entitled to introduce the Vent Mount 2 as a possible "acceptable non-infringing alternative" for the patented product. *Mentor Graphics Corporation v. EVE-USA, Inc.*, 851 F.3d 1275, 1285 (Fed. Cir. 2017) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978)). Kenu in turn is entitled to argue that the Vent Mount 2 is not a "non-infringing" product. *Id.*; *see also State Industries, Inc. v. Mor-Flo Industries, Inc.*, 883 F.2d 1573, 1575-76 (Fed. Cir. 1989).

While the Court declines to preclude either the Vent Mount 2 or the '412 Patent for these reasons, these issues clearly raise a real danger of jury confusion and misuse of the juries' time, as both parties have acknowledged. *See* Dkt. No. 126 (Belkin's motion) at ECF p. 2 (citing *United States v. Jones*, 123 F. App'x 773, 775 (9th Cir. 2005), for proposition that exclusion is warranted

where there is a "danger of confusing the issues and wasting time with mini-trials regarding the events underlying" different claims than those alleged at trial); *id*. at ECF p.7 (Kenu's opposition acknowledging possibility of "genuinely valid concerns of prejudice or confusion flowing from Kenu's allegations against Belkin's Vent Mount 2 on the basis of the '412 Patent . . .").

The Court consequently advises the parties that any reference to the Vent Mount 2 and the '412 patent must be tightly and narrowly focused on the lost profits issue. The Court expects this may be an ongoing conversation with the parties during trial -- and the Court may place additional limitations on the way these issues are presented to the jury -- as the evidence develops.

**IT IS SO ORDERED.**

Dated: June 7, 2018

JAMES DONATO
United States District Judge