UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENU, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>        Defendant. | Case No. 15-cv-01429-JD<br><br>**SUPPLEMENTAL ORDER RE KENU'S MOTION IN LIMINE NO. 2** |

Kenu requested in its motion in limine no. 2 to exclude evidence or argument by Belkin about reliance on advice of counsel as a defense to willful infringement. Dkt. No. 127. In response to the Court's questions at the pre-trial conference, Belkin said it intended to present this evidence through testimony by non-attorney witnesses only, and not by any of the attorneys who gave the non-infringement advice. The Court took the issue under submission.

A good argument can be made that Belkin's proposed method of getting in the advice of counsel is so inadequate that it should be excluded entirely. As our Northern District of California's Model Patent Jury Instruction 3.8 instructs, the jury "may consider whether [Belkin] relied on a legal opinion that was well-supported and believable" in assessing willfulness. Without an attorney on the witness stand who can testify and be cross-examined about, for example, the research and investigation performed prior to an opinion being formulated, the jury cannot reasonably or meaningfully evaluate whether the advice of counsel was "well-supported." *Cf. Eltech Sys. Corp. v. PPG Indus., Inc.*, 710 F.Supp. 622, 637-38 (W.D. La. 1988). That lacuna strongly points to exclusion of Belkin's proposed testimony.

Even so, the Court will permit Belkin to introduce the evidence if it so chooses. Belkin is advised that the Court will give Model Instruction 3.8 with the "well-supported" language, and

will allow Kenu to argue to the jury the lack of evidence permitting it to assess whether the oral advice testified to was well-supported.  In addition, the Court will likely give a limiting instruction to the jury to make clear that the evidence is not being proffered for the truth of the attorney's out-of-court statement, *i.e.*, that Belkin's product does not infringe Kenu's design patent.  The Court has concerns that the jury will be confused if it hears that an attorney opined that the product does not infringe, so it will fashion an instruction to try to ensure the jury is not misled or improperly swayed by such evidence.

**IT IS SO ORDERED.**

Dated: June 12, 2018

JAMES DONATO
United States District Judge